In the Matter of the Judicial Settlement of the Accounts of David Rogers, as Administrator, etc., of Dilana Crowell, Deceased.— Motion

granted and appeals dismissed, with costs, including ten dollars costs of this action.

Samuel Shopiro, Respondent, v. Samuel M. Berlin and Another, Appellants.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to Court of Appeals denied. Held, defendants' witnesses are not necessary upon the issues raised by their original answer. If defendants give the stipulation required to retain their amended answer, they thereby elect to try the case in Onondaga county.

Victoria Sand Company, Appellant, v. Empire Limestone Company, Respondent.— Judgment and order affirmed, with costs. Held: 1. That the damages awarded upon the plaintiff's second cause of action are not shown to be inadequate, even if the jury found the contract to be as therein alleged, it appearing that there was an available market for the undelivered sand and no proof that as much could not be realized therefor in the market as the contract price. 2. That a sufficient consideration was shown to support the contract set forth in the defendant's counterclaim. All concurred.

Francis L. Warner, Respondent, v. George A. Otis Company, Appellant. — Judgment and order reversed and new trial granted, with costs to appellant to abide event. Held: 1. That the plaintiff failed to show the defendant guilty of actionable negligence. 2. That even assuming that the defendant was negligent in maintaining the unguarded gas jet burning in the hallway from which the fire originated, such negligence was not a proximate cause of the plaintiff's injuries. All concurred, except Kruse, P. J., and Lambert, J., who dissented upon the ground that although the burning gas jet was erroneously eliminated on the trial as a proximate cause, the verdict may be sustained upon the ground that the defendant's president negligently directed the plaintiff to take the burning bale from the building; whether defendant's president was negligent or merely erred in judgment was a question of fact.

Alfred Jepson, Respondent, v. International Railway Company, Appellant.— Judgment and order affirmed, with costs. All concurred, except Kruse, P. J., who dissented upon the ground that the judgment in favor of the defendant in the action brought by plaintiff against the Crosstown Street Railway Company for the same injuries arising out of the same accident is a bar to this action.

Henry C. Staubitz, Respondent, v. International Railway Company, Appellant.— Judgment and order reversed and new trial granted, with costs to appellant to abide event. Held, that the verdict is contrary to and against the weight of the evidence on the question of defendant's negligence. All concurred, except Kruse, P. J., and Robson, J., who dissented. ·